UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. COLE, ) | |
|       Petitioner, ) | |
| ) | Case No. 1:14-cv-00717-LJM-TAB |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|       Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of James E. Cole for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

On June 26, 2009, in Case No. 1:09-cr-100-LJM-KPF-1, Cole was charged with robbing the Centra Credit Union ("Centra"), the accounts of which were federally insured by the National Credit Union Administration ("NCUA"). Cole pled guilty and on July 10, 2009, the Court held a plea hearing and adjudged him guilty as charged in the Information. On September 25, 2009, the Court sentenced Cole to the agreed-upon 209 months in prison followed by five years' supervised release. The judgment of conviction was entered on October 7, 2009.

### II. Discussion

Cole now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In support of his § 2255

motion, Cole argues that this Court had no jurisdiction to impose the sentence because Centra is not in fact insured by the NCUA and therefore his alleged crime is not a federal crime. Cole goes on to argue that his counsel was ineffective for failing to discover this deficiency in the charges. In response, the United States argues, among other things, that Cole's § 2255 motion is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, Judgment was entered against Cole on October 7, 2009, and he did not appeal his conviction or sentence. His conviction therefore became final on October 21, 2009, and the last day he could have filed a timely § 2255 motion was October 21, 2010. Cole's § 2255 motion, filed on May 8, 2014, is more than three years late.

Cole does not dispute this but argues that the statute of limitations should be equitably tolled because he did not discover Centra's insurance status until June 13, 2013. He states he diligently attempted to determine the insurance status of Centra, but was "impeded by the government's misrepresentations as to Centra Credit Union's insurance status." Dkt. 1., p.2.

Equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). A petitioner seeking equitable tolling "bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Courts have rejected requests to equitably toll the statute of limitations in a number of contexts. *See Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2003) (attorney incapacity does not warrant equitable tolling); *see also Lloyd v. VanNatta,* 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcripts does not warrant tolling); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (tolling was not justified by opaque law and death of attorney's father); *Araujo v. Chandler,* 435 F.3d 678, 681 (7th Cir. 2005) (actual innocence is not a freestanding exception to the time limits); *Gildon v. Bowen,* 384 F.3d 883, 887 (7th Cir. 2004) (no tolling when a corrections officer fails to deliver the prisoner's mail).

Cole has not satisfied the elements of the extraordinary remedy of equitable tolling here. First, beyond his conclusory statement that he diligently pursued his rights, he has provided no evidence to support such a conclusion. Cole's argument that Centra is not federally insured is based on a response to a Freedom of Information Act request he sent to the NCUA.[1] That response is attached as Exhibit A to his § 2255 motion and states, among other things, that the NCUA responded to a similar request by Mr. Cole on June 13, 2011. There is no indication or explanation by Mr. Cole regarding why he waited until 2011 and/or 2013 to request for the information on which he bases his § 2255 motion.

---

[1] It is notable that the letter from the NCUA explains that Centra has been federally insured since January 4, 1971, but that the National Credit Union Share Insurance Fund does not insure a credit union against losses cause by robbery. Instead, credit unions must obtain private insurance to cover such losses. Cole concludes from this that because Centra was not federally insured against bank robbery, his crime against Centra was not a federal crime. But the fact that Centra was federally insured is the relevant fact, not whether Centra was federally insured specifically against bank robbery. *See Roberts v. United States*, 472 F.2d 1195, 1196 (5th Cir. 1973) (the statute is applicable to any bank insured by the F.D.I.C. and does not specify that it be insured against burglary).

Further, to the extent that he claims that he was impeded in his efforts by the government's misrepresentations, at the time of his plea, this is insufficient to support his request for equitable tolling.

The petitioner bears the burden of establishing that he is entitled to equitable tolling *See Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013). He has not done so here. Accordingly, his § 2255 motion is untimely and must be dismissed.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Cole is not entitled to relief on his § 2255 motion because it is untimely. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Cole's motion for status [dkt 13] is **granted** consistent with this Entry.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:09-cr-100-LJM-KPF-1**. Further, the **clerk shall** amend the docket to reflect the petitioner's address as reflected in the distribution of this Entry.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Cole has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: January 21, 2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

James E. Cole
09228-028
Hazelton – USP
P.O. Box 2000
Bruceton Mills, WV 26525

Electronically Registered Counsel